UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DOMINGOS RODRIGUES TRONCAO, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>MARTIN J. O'MALLEY,<br><br>  Defendant. | Case No.  23-cv-03467-EJD<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT; MOTION FOR REMAND**<br><br>Re: ECF Nos. 14, 18 |

Social Security disability cases can be hard. The rules and regulations for determining disability are complex, the medical records are often extensive, and for attorneys (and judges) without medical training, trying to understand medical terms can sometimes be like learning a new language. This is not one of those cases. Both Plaintiff Domingos Rodrigues Troncao, Jr. and Defendant Martin O'Malley (the "Commissioner") agree that the Administrative Law Judge ("ALJ") who denied Plaintiff's disability application made mistakes. They only disagree on what to do about it. That sole disagreement is easy to understand: Given that the ALJ failed to provide sufficient evidence to show that there are a significant number of jobs that Plaintiff can perform in the national economy, should the Court remand for a finding of disability and calculation of benefits, or should the Court remand for further proceedings to give the ALJ a second shot at providing enough evidence? The Court concludes that the former is appropriate, so it GRANTS Plaintiff's motion for summary judgment, DENIES Defendant's motion for remand, REVERSES

the ALJ's decision, and REMANDS this case for a finding of disability and calculation of benefits.

\*   \*   \*

Courts review Social Security disability decisions for substantial evidence and legal error. *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023). If a Social Security disability decision falls short of these standards, courts may remand the case back to the Social Security Administration either for immediate calculation of benefits or for further administrative proceedings. 42 U.S.C. § 405(g) (sentence four); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–100 (9th Cir. 2014). Remand for immediate calculation of benefits is appropriate "where no useful purpose would be served by further administrative proceedings" and "it is [] clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (internal quotation marks and citations omitted).

The Social Security disability evaluation process has five steps. At Step Five, the ALJ considers whether, despite a Social Security claimant's limitations, there are a significant number of jobs in the national economy that the claimant can perform. 20 C.F.R. § 416.920(g); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If there are not a significant number of such jobs in the national economy, the claimant is considered disabled and entitled to disability benefits. *Tackett*, 180 F.3d at 1099. It is the Commissioner's burden, through the ALJ, to demonstrate that such jobs exist. *Id.*

The parties agree that the ALJ failed to meet his Step Five burden. *See* Plf. Mot., ECF No. 14; Def. Mot., ECF No. 18. The ALJ developed evidence from a vocational expert that Plaintiff could work as a document preparer, addresser, or nut sorter.[1] Tr. of Admin. Record ("Tr.") 20, 66–67, ECF No. 11. The vocational expert testified that these jobs had, respectively, 15,600 positions, 2,000 positions, and 1,800 positions available in the national economy, for a total of

---

[1] Plaintiff argues that the document preparer and addresser jobs are obsolete. Plf. Mot. 4–8. The Court does not address this argument because it makes no difference to the Court's decision.

Case No.: 23-cv-03467-EJD
ORDER ON MOTION FOR SUMMARY JUDGMENT; MOTION FOR REMAND
2

1   19,400 positions. Tr. 67.[2] However, courts in the Ninth Circuit generally find that fewer than

2   25,000 total available jobs is not a significant number that justifies denying disability benefits.

3   *Nelson v. Berryhill*, No. 3:17-cv-00614, 2018 WL 799162, at *13 (S.D. Cal. Feb. 8, 2018)

4   (collecting cases), report *and recommendation adopted*, 2018 WL 1638222 (S.D. Cal. Apr. 5,

5   2018). Accordingly, there are not a significant number of jobs that Plaintiff can perform.

6   Up to this point, the parties have been on the same page. But now they part ways in how

7   they think this case should proceed. Plaintiff asks the Court to remand for immediate calculation

8   of benefits. Plf. Mot. 9–10. The Commissioner insists that further factual development on the

9   number of available jobs is necessary, so the Court should remand for further administrative

10  proceedings. Def. Mot. 6. Plaintiff has the better of the argument. The vocational expert testified

11  that, apart from the three jobs discussed above, there were only "a couple of others" that Plaintiff

12  could perform, and that those "other" jobs were available in "low numbers" like the addresser and

13  nut sorter jobs. Tr. 67. The ALJ cut off the vocational expert before he was able to elaborate. *Id.*

14  However, based on what the vocational expert testified, there are at most two more jobs (there

15  were only a "couple") that had no more than 2,000 positions each in the national economy (the

16  addresser job, which the vocational expert said had "low" numbers, had 2,000 positions). *See id.*

17  Assuming the maximum number of positions for these "other" jobs—4,000 combined positions—

18  the total number of jobs available to Plaintiff would be 23,400 positions. That is still less than the

19  25,000-position threshold used by courts in the Ninth Circuit and therefore still insufficient to

20  show that Plaintiff is not disabled. Therefore, any further proceedings would serve no useful

21  purpose. Indeed, courts often remand for immediate calculation of benefits when an ALJ reaches

22  Step Five and fails to meet her burden of demonstrating there are a significant number of jobs in

23  the national economy a claimant can perform. *See, e.g.*, *Glass v. Barnhart*, 163 F. App'x 470, 473

24  (9th Cir. 2006); *Schluter v. O'Malley*, No. 23-cv-00036, 2024 WL 1121574, at *5 (D. Ariz. Feb.

---

[2] In what appears to be a typographical error, the ALJ attributed an extra 1,000 positions to the document preparer job than the vocational expert did. *Compare* Tr. 20, *with* Tr. 67. The Court uses the vocational expert's numbers as they are the evidence that the ALJ relied on.

Case No.: 23-cv-03467-EJD
ORDER ON MOTION FOR SUMMARY JUDGMENT; MOTION FOR REMAND
3

20, 2024) (collecting cases), *report and recommendation adopted sub nom. Schluter v. Malley*, 2024 WL 1115946 (D. Ariz. Mar. 14, 2024); *Rustamova v. Colvin*, 111 F. Supp. 3d 1156, 1164–66 (D. Or. 2015).

As a final note, the Court briefly addresses the Commissioner's argument that the Court should remand for further proceedings because the ALJ erred at an earlier step in the Social Security disability evaluation process. *See* Def. Mot. 5. There are two problems with this argument. First, and most fundamentally, accepting this argument would create the kind of unfair "heads we win; tails, let's play again" system that unfairly favors the Commissioner; the Ninth Circuit has repeatedly warned against evaluating disability in such a way. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citing *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004)). The Commissioner, having failed to meet his burden at Step Five, cannot manufacture an error elsewhere in the ALJ's decision to avoid a remand for benefits, especially where the plaintiff has not alleged such an error.

Second, even engaging with the Commissioner's argument on the merits, that argument still would not justify a remand for further proceedings. The Commissioner asserted that the ALJ found Plaintiff's subjective testimony about debilitating limitations to be unreliable but erred by failing to explain why. Def. Mot. 5. Assuming that to be true, on remand for further proceedings, one of two things would happen. Either the ALJ would reach the same conclusion of unreliability but with a better explanation, or the ALJ would find Plaintiff's testimony to be more reliable than the ALJ found in the first round of administrative proceedings. If the former, the parties would be in substantively the same position as they are now, just with more explanation for the ALJ's decision. If the latter, crediting Plaintiff's testimony about the severity of his symptoms would result in *more* restrictions on Plaintiff's ability to work and thus *fewer* available jobs. So, remanding for further proceedings would be pointless and would not change the ultimate result.

///

///

///

Case No.: 23-cv-03467-EJD
ORDER ON MOTION FOR SUMMARY JUDGMENT; MOTION FOR REMAND
4

Accordingly, the Court GRANTS Plaintiff's motion and DENIES the Commissioner's motion. The Court REVERSES the Commissioner's decision and REMANDS for a finding of disability and calculation of benefits.

**IT IS SO ORDERED.**

Dated: August 16, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 23-cv-03467-EJD
ORDER ON MOTION FOR SUMMARY JUDGMENT; MOTION FOR REMAND
5